# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ,<br><br>                    Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO. 13CV2266 BEN (RBB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[Docket No. 10] |

Defendant United States moves to strike allegations and an exhibit to Plaintiff Francisco Gonzalez's First Amended Complaint ("FAC"). (Docket No. 10.) Plaintiff has filed an Opposition and Defendant has filed a Reply. (Docket Nos. 11-12.) For the reasons stated below, Defendant's motion to strike is **DENIED**.

## BACKGROUND

Plaintiff alleges that on April 13, 2013 he was attempting to return to the United States through the pedestrian entry area of the San Ysidro Port of Entry as he had done many times before. (FAC ¶¶ 13-16.) He claims that he was moving into a particular line he previously found to be the fastest when a uniformed officer began screaming at him about the line he selected. (FAC ¶¶ 17-22.) Plaintiff alleges he asked a question to figure out why the officer was yelling at him and in response, the officer grabbed him by his upper arms. (FAC ¶¶ 22, 24.) Plaintiff asked what he did and why the officer was grabbing him. (FAC ¶ 25.) As additional officers arrived, Plaintiff was

thrown to the ground resulting in facial injuries and loss of consciousness. (FAC ¶¶ 26-28.) He suffered a broken thumb and numerous facial lacerations that required stitches to close. (FAC ¶ 30.)

## DISCUSSION

A party may move to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). However, "12(f) motions are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 563-64 (S.D. Cal. 2012); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (noting "[m]otions to strike, as a general rule, are disfavored"). Additionally, background or historical allegations should not be stricken unless prejudicial and allegations "contribut[ing] to a full understanding of the complaint as a whole need not be stricken." *In re Facebook PPC Advertising Litigation*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). In determining a motion to strike, the court must view the pleadings in the light most favorable to the pleader. *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1190 (S.D. Cal. 2010); *Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007).

Defendant argues that paragraphs 31-42 and Exhibit A of Plaintiff's FAC are immaterial, impertinent, and scandalous and should be stricken. Paragraphs 31-42 allege six instances of excessive use of force by Customs and Border Protection ("CBP") officers from 2008 to 2012. Exhibit A consists of three letters dated May 10, 2012 from members of Congress to the Acting Inspector General of the Department of Homeland Security, the Attorney General of the United States, and the Secretary of the Department of Homeland Security. The letters raise concern about CBP's use of

excessive force at the border and CBP's efforts to cover up those instances of excessive use of force. (FAC, Ex. A.) The letters also request an investigation and information about policies, procedures, and training on the use of force. (*Id.*)

"Immaterial" means that the matter has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). "Impertinent" matter includes statements that do not pertain, and are not necessary, to the issues in question. *Id.* Plaintiff argues these allegations are included to show that supervisors were on notice of the use of excessive force at the border and failed to establish or enforce policies to train, supervise, and discipline CBP officers. Viewing the pleadings in the light most favorable to Plaintiff, Defendant has not established that the allegations of paragraphs 31-42 and Exhibit A are immaterial or impertinent. *Chaconas*, 713 F. Supp. 2d at 1191-92 ("the court views the pleadings in the light most favorable to the non-moving party"). The allegations and exhibit relate and pertain to Plaintiff's third and fourth claims for relief for supervisory liability for failure to properly train, supervise and discipline CBP officers and at a minimum, provide background information that should not be stricken absent a showing of prejudice. *In re Facebook PPC Advertising Litigation*, 709 F. Supp. 2d at 773.

"Scandalous" allegations are "allegations that cast a cruelly derogatory light on a party or other person. *U.S. ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038-39 (C.D. Cal. 2012). Most of the allegations in paragraphs 31-42 do not identify the officers by name and those that do so do not include the officer's full name. Additionally, to the extent the officers are identifiable, none of the allegations portray individuals in a "cruelly derogatory light."

Defendant has failed to establish that the allegations of paragraphs 31-42 and Exhibit A are immaterial, impertinent, or scandalous.

///

///

## CONCLUSION

Defendant's motion to strike is **DENIED**. Defendant shall Answer the FAC within 30 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: July 21, 2014

Hon. Roger T. Benitez
United States District Judge